# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**
14523 Millikan Way
Beaverton, Oregon 97005

   **Plaintiff**,

v.

**BONNIE HENDERSON**
8326 Lyndhurst Street
Laurel, Maryland 20724

And

**SHATWAN K. GRAHAM**
8326 Lyndhurst Street
Laurel, Maryland 20724

And

**JP MORGAN CHASE BANK, NATIONAL ASSOCIATION**
1111 Poloris Parkway
Columbus, Ohio 43240

    Serve: The Corporation
    Trust, Incorporated
    2405 York Road, Suite 201
    Lutherville, Maryland 21093-2264

And

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
451 Seventh Street, SW
Washington, DC 20410

**Case No.** _____

Serve: Jeff Sessions,
Attorney Gen. of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

And

Serve: Stephen M. Schenning,
Acting United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, MD 21201

And

**BENJAMIN S. CARSON, SR., M.D.,**
As Secretary of the Department of Housing
and Urban Development
451 Seventh Street, SW
Washington, DC 20410

 **Defendants**.

# COMPLAINT

The Plaintiff, Federal National Mortgage Association (the "Plaintiff"), by and through its attorneys, Mark W. Schweitzer and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., sues the Defendants, Bonnie Henderson ("Ms. Henderson"), Shatwan K. Graham ("Mr. Graham"), JP Morgan Chase Bank, National Association, United States of America Department of Housing and Urban Development ("HUD"), and Benjamin S. Carson, Sr., M.D., as Secretary of the Department of Housing and Urban Development ("Secretary of HUD"), and in support thereof, states the following:

 1. Plaintiff is a national association mortgage lender and has an interest in the real property and improvements that are the subject of this case. Plaintiff is the current

holder of a loan that was promised to be secured by a first-priority lien against the entire real property and improvements commonly known as 8326 Lyndhurst Street, Laurel, Maryland 20724 (the "Property").

2. Ms. Henderson is an adult resident of Anne Arundel County, Maryland, a record owner of the Property, and the borrower on a loan currently held by Plaintiff.

3. Mr. Graham is an adult resident of Anne Arundel County, Maryland, and a record owner of the Property.

4. JP Morgan Chase Bank, National Association ("JP Morgan") is a national mortgage lender and has an interest in the Property. JP Morgan is the current holder of a loan which is secured by a Deed of Trust that references the Property.

5. HUD is a cabinet level department of the United States federal government. HUD is the current holder of a loan which is secured by a Deed of Trust that references the Property (the "HUD DOT"). Plaintiff is not seeking a money judgment against HUD and has only included HUD in this proceeding as it may have an interest in the Property.

6. The Secretary of HUD is listed as a beneficiary on the HUD DOT. The Secretary of HUD is being sued in this case in his official capacity only. No part of this Complaint is directed at the Secretary of HUD individually. Plaintiff is not seeking a money judgment against the Secretary of HUD and has only included the Secretary of HUD in this proceeding as it may claim an interest in the Property.

7. Jurisdiction in this Court is proper pursuant to the Maryland Code, Courts and Judicial Proceedings Article § 6-102 and § 6-103.

8. Venue in this Court is proper pursuant to the Maryland Code, Courts and

Judicial Proceedings Article §§ 6-201 and 6-202.

9. Pursuant to Rule 12-102, since this action affects title to or an interest in real property located in the State of Maryland, the filing of this Complaint constitutes a Lis Pendens on the Property.

10. Pursuant to a Deed ("Vesting Deed") dated January 27, 1999, Ms. Henderson was conveyed, as sole owner, the entire interest in the Property. The Vesting Deed was recorded on or about February 16, 1999 among the Land Records of Anne Arundel County in Liber 9002 at folio 679.

11. On or about January 27, 1999, Ms. Henderson sought and obtained a loan secured by the Property. Ms. Henderson requested and was granted a loan in the amount of $176,100.00 from NVR Mortgage Finance, Inc. ("NVR") in order to purchase the Property.

12. In order to secure payment for the loan granted by NVR (the "NVR Loan"), Ms. Henderson executed a Deed of Trust (the "NVR DOT") dated January 27, 1999 in the principal sum of $176,100.00 in favor of NVR. The NVR DOT was recorded on February 16, 1999 among the land records of Anne Arundel County in Liber 9002 at folio 682. The NVR DOT was a first-priority lien against the Property.

13. On or about June 16, 2003, Ms. Henderson sought and obtained a refinancing loan secured by the Property. Ms. Henderson requested and was granted a refinancing loan in the amount of $212,000.000 from Chase Manhattan Mortgage Corporation ("Chase") in order to refinance the mortgage on the Property.

14. In order to secure payment for the loan granted by Chase (the "Subject

Loan"), Ms. Henderson executed a Deed of Trust (the "Subject DOT") dated June 16, 2003 in the principal sum of $212,000.00 in favor of Chase. The Subject DOT was recorded on July 7, 2003 among the land records of Anne Arundel County in Liber 13321 at folio 642. A copy of the Subject DOT is attached hereto and incorporated by reference herein as **Exhibit A**.

15.   In complete derogation of the representations made to obtain the Subject Loan, Ms. Henderson conveyed the Property to herself and to Mr. Graham as joint tenants pursuant to a deed dated June 16, 2003 (the "Deed"). The Deed was recorded among the land records of Anne Arundel County in Liber 13321 at folio 639. A copy of the Deed is attached hereto and incorporated by reference herein as **Exhibit B**.

16.   The Subject Loan was used to pay off the remaining balance of the NVR Loan. Upon information and belief, Ms. Henderson and Mr. Graham intended for the Subject DOT to record prior to the Deed, as Ms. Henderson promised that the Subject DOT would be the first-lien on the Property. At the time Chase granted the Subject Loan, it was unaware of the Deed granting ownership from Ms. Henderson as sole owner to Ms. Henderson and Mr. Graham as joint tenants. Chase did not authorize the Deed, and would not have funded a mortgage loan to Ms. Henderson alone had Chase been aware of the conveyance to Ms. Henderson and Mr. Graham as joint tenants.

17.   On or about August 15, 2003, Ms. Henderson and Mr. Graham requested and obtained a home equity line of credit ("HELOC Loan") from Chase. In order to secure payment for the HELOC, Ms. Henderson and Mr. Graham executed a Deed of Trust (the "HELOC DOT") dated August 15, 2003 in the maximum principal sum of

$34,600.00 in favor of Chase, and recorded on October 22, 2003 among the land records of Anne Arundel County in Liber 13962 at folio 555. A copy of the HELOC DOT is attached hereto and incorporated herein as **Exhibit C**. Chase had knowledge of the Subject Loan before it granted the HELOC Loan, and, as such, Chase knew and intended that the HELOC DOT would be junior to the Subject Loan and Subject DOT.

18. On or about June 24, 2011, Ms. Henderson and Mr. Graham requested and obtained a loan from the Maryland Department of Housing and Community Development (the "MDHCD Loan"). In order to secure payment for the MDHCD Loan, Ms. Henderson and Mr. Graham executed a Deed of Trust (the "MDHCD DOT") dated June 24, 2011 in the maximum principal sum of $50,000.00 in favor of MDHCD. The MDHCD DOT was recorded on June 29, 2011 among the land records of Anne Arundel County in Liber 23604 at folio 0038. A copy of the MDHCD DOT is attached hereto and incorporated herein as **Exhibit D**. MDHCD had knowledge of the Subject Loan before it granted the MDHCD Loan, and, as such, MDHCD knew and intended that the MDHCD DOT would be junior to the Subject Loan and Subject DOT.

19. Plaintiff is the current holder of the Subject DOT (Exhibit A).

20. JP Morgan is the current holder of the HELOC DOT (Exhibit C).

21. HUD is the current holder of the MDHCD DOT (Exhibit D).

## COUNT I
### DECLARATORY JUDGMENT

The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 21 hereof as if stated at length herein and alleges further:

22. This Count is for declaratory relief pursuant to the Maryland Code Courts and Judicial Proceedings Article §§ 3-401 et seq.

23. Plaintiff has an interest in and title to the Property as it is the current holder of the Subject DOT.

24. As a result of the Subject DOT being recorded with the Land Records of Anne Arundel County, each lender on each loan granted subsequent to the Subject DOT had actual knowledge of the existence of the Subject DOT, and issued their loan expecting to be junior to the Subject DOT.

25. Issues exist as to the ownership interests in the Property and the liens thereon.

26. Actual controversies of justiciable issues exist between the parties to this case within the jurisdiction of this Court involving the rights and liabilities of the parties pursuant to a Deed of Trust and other written documents.

27. Antagonistic claims are present between the parties and these claims indicate imminent and inevitable litigation.

28. A declaratory judgment by this Court will terminate this controversy.

WHEREFORE, Plaintiff, Federal National Mortgage Association, respectfully requests this Honorable Court to:

A. Determine and hold that the Deed (<u>Exhibit B</u>) and the Subject DOT (<u>Exhibit A</u>) were recorded out of order;

B. Determine and hold that the Subject DOT was intended to be a first-lien on the entire property pursuant to the terms and conditions contained in the Subject DOT;

C. Determine and hold that the Subject DOT is now a first-lien on the entire real property and improvements commonly known as 8326 Lyndhurst Street, Laurel, Maryland 20724;

D. Determine and hold that the HELOC DOT (<u>Exhibit C</u>) in the maximum principal amount of $34,600.00 is a second-priority lien on the entire real property and improvements commonly known as 8326 Lyndhurst Street, Laurel, Maryland 20724;

E. Determine and hold that the MDHCD DOT (<u>Exhibit D</u>) in the maximum principal amount of $50,000.00 is a third-priority lien on the entire real property and improvements commonly known as 8326 Lyndhurst Street, Laurel, Maryland 20724; and

F. Grant the Plaintiff such other and further relief as is deemed appropriate.

## COUNT II
### EQUITABLE LIEN

The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 28 hereof as if stated at length herein and alleges further:

29. On or about June 16, 2003, Ms. Henderson requested the Subject Loan to

refinance the then-existing lien on the Property.

30. Chase granted the Subject Loan on the condition that the repayment of the Subject Loan would be secured by a first-priority lien on the Property.

31. At the closing, Ms. Henderson promised to provide a valid and enforceable first-priority lien on the entire Property in order to secure repayment of the Subject Loan.

32. If it is determined that the Subject DOT lacks some formal requirement, then Plaintiff is entitled to an equitable lien.

WHEREFORE, Plaintiff, Federal National Mortgage Association, respectfully requests that this Honorable Court:

A. Determine and hold that the Subject DOT was intended to be a first-lien on the entire property pursuant to the terms and conditions contained in the Subject DOT;

B. Determine and hold that the Subject DOT (Exhibit A) is now a first-lien on the entire real property and improvements commonly known as 8326 Lyndhurst Street, Laurel, Maryland 20724;

C. Determine and hold that the HELOC DOT (Exhibit C) in the maximum principal amount of $34,600.00 is a second-priority lien on the entire real property and improvements commonly known as 8326 Lyndhurst Street, Laurel, Maryland 20724;

D. Determine and hold that the MDHCD DOT (Exhibit D) in the maximum principal amount of $50,000.00 is a third-priority lien on the entire real

property and improvements commonly known as 8326 Lyndhurst Street, Laurel, Maryland 20724; and

E. Grant the Plaintiff such other and further relief as is deemed appropriate.

## COUNT III
### CONSTRUCTIVE TRUST

The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 32 hereof as if stated at length herein and alleges further:

33. At the time of the granting of the Subject Loan, the Property was encumbered by then-existing liens on the Property.

34. Proceeds from the Subject Loan associated with the Subject DOT were paid to satisfy the then-existing liens on the Property; namely, the NVR DOT.

35. Ms. Henderson benefitted from the satisfaction of the NVR DOT.

36. It would be inequitable for Ms. Henderson to directly benefit from the satisfaction of the NVR DOT with no recourse. This would amount to unjust enrichment.

37. Plaintiff has a higher equitable call on the Property than Ms. Henderson.

WHEREFORE, Plaintiff, Federal National Mortgage Association, respectfully requests that this Honorable Court:

A. Charge upon Ms. Henderson a constructive trust of the property commonly known as 8326 Lyndhurst Street, Laurel, Maryland 20724, subject to the Subject DOT; and

B. Grant Plaintiff costs and such other and further relief as is deemed appropriate.

## COUNT IV
### EQUITABLE SUBROGATION

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 37 hereof as if fully stated herein and alleges further:

38. If it is determined that the Subject DOT is not, in its present condition, a first-priority lien against all of the Property, then Plaintiff seeks to establish an equitable subrogation for the Subject DOT.

39. At the time of the granting of the Subject Loan, the Property was encumbered by the NVR DOT. At the time of the granting of the Subject Loan, the NVR DOT was a first-priority lien on the entire Property. Proceeds from the Subject Loan were paid to satisfy the NVR DOT.

40. Pursuant to the doctrine of equitable subrogation, the Subject DOT obtains the priority and position of the NVR DOT as a result of proceeds from the Subject Loan satisfying the NVR DOT, a first-priority deed of trust on the entire Property.

WHEREFORE, Plaintiff, Federal National Mortgage Association, respectfully requests that this Honorable Court:

A. Enter a Judgment holding that the Subject DOT possesses a first-priority lien on the entire Property; and

B. Grant the Plaintiff such other and further relief as is deemed appropriate.

Respectfully submitted,

MCNAMEE, HOSEA, JERNIGAN,
KIM, GREENAN & LYNCH, P.A.

By:_____/s/____________________

Mark W. Schweitzer (No. 14402)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
*Attorneys for Plaintiff*